Tallulah MORGAN et al.,
Plaintiffs-Appellees,

v.

John J. KERRIGAN et al.,
Defendants-Appellees,

and

John P. Doherty et al.,
Intervenors-Appellants.

No. 74–1288.

United States Court of Appeals,
First Circuit.

Heard Dec. 3, 1974.

Decided Jan. 28, 1975.

John F. McMahon, with whom Angoff, Goldman, Manning, Pyle & Wanger, were on brief, Boston, Mass., for intervenors-appellants.

John Leubsdorf, with whom Laurence S. Fordham, Foley, Hoag & Eliot, Boston, Mass., J. Harold Flannery, Robert Pressman, Eric E. Van Loon, Cambridge, Mass., Roger I. Abrams, Cleveland, Ohio, Thomas M. Simmons, Collins & Simmons, Boston, Mass., and Nathaniel R. Jones, New York City, were on brief, for appellees.

Before COFFIN, Chief Judge, McEN-TEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

On March 15, 1972, appellees filed suit alleging that the Boston school system

was segregated in contravention of the requirements of the Constitution.[1] On June 21, 1974, the district court filed an opinion finding defendants to have pursued policies which fostered and maintained segregation in the city's schools, and constituted the system a dual school system in violation of appellees' Fourteenth Amendment rights. Morgan v. Hennigan, 379 F.Supp. 410 (D.Mass. 1974). We affirmed that decision. Morgan v. Kerrigan, 509 F.2d 580 (1st Cir. 1974).

Appellants in this appeal are officers of the Boston Teachers Union. They sought to intervene as defendants in the original action in the district court. Intervention was denied at that time, but subsequent to its June 21 decision the district court permitted appellants to intervene solely to participate in the development of orders pertaining to faculty and staff segregation. During the summer following the issuance of its June 21 opinion, the district court held several hearings to determine what steps should be taken for the 1974–1975 school year to begin to eliminate aspects of the dual system affecting faculty and staff. Appellants participated in those hearings, which culminated, on July 31, 1974, in the issuance by the court of orders on hiring and faculty desegregation.

These orders required that transfers of white and black teachers be made, reducing the concentration of black teachers in identifiably black schools, and increasing in those schools the number of experienced teachers. The orders further required that defendants hire 280 new permanent teachers, hiring one black for every white until all available qualified blacks had been hired. The orders continued to define as qualified any black holding a Massachusetts teaching certificate. Among qualified blacks priority was to be given to those who had been employed as provisional teachers[2] and had received a rating from their superiors of satisfactory or better. Finally the orders established a one black for one white hiring requirement for the hiring of provisional teachers.

It is the provisions of these two orders which appellants challenge. In their brief appellants claim that the district court has exceeded the scope of its remedial powers in light of the specific constitutional violations found to exist. Their argument is untenable as a challenge to remedies ordered to begin the dismantling of a dual school system. The district court found pervasive violations of the constitutional rights of black school children in the Boston schools. The court's obligation is to rectify those violations, availing itself in so doing of the breadth and flexibility inherent in equitable remedies. Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 15, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971); Keyes v. School District No. 1, Denver, Colo., 413 U.S. 189, 200, 93 S.Ct. 2686, 37 L.Ed.2d 548 (1974); Green v. County School Board, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968); Morgan v. Kerrigan, 509 F.2d 580, at 597.[3]

1. Appellees were certified to represent the class of black children in the Boston public schools. The suit named as defendants the Boston School Committee, its members, the Superintendent of Schools, the State Board of Education, its members, and the Commissioner of Education. The term "defendants" as used in this opinion refers to the School Committee, its members, and the Superintendent of the Boston schools.

2. Provisional teachers are hired under one year contracts at a lower rate of pay than permanent teachers pursuant to an exception to the statewide requirement that teachers in the public schools hold Massachusetts teaching certificates. They receive tenure only if not terminated after three consecutive years of service.

3. Appellants seem to premise much of their argument on the assumption that the district court's orders relating to faculty and staff must be confined to those actions necessary to vindicate the rights of black teachers and applicants for positions who have been discriminated against. Appellants misapprehend the nature of this case. While the district court properly examined defendants' hiring, transfer and promotion policies, it did so to determine whether those policies violated the rights of black school children. It is the rights of those children that the district court must now protect.

The challenged orders are directed toward the objective of eradicating the segregated system that has prevailed in the Boston schools, and were clearly within its power in the context of this case.

At oral argument appellants stated that their principal concern was that white provisional teachers on the eligible list for hiring as permanent teachers be given the same priority over other white applicants as that afforded to qualified black provisionals over other black applicants, i. e., that qualified white provisionals who were in service in 1973–1974 be given first choice for white vacancies during the current school year. While admitting that nothing in the district court's orders was addressed to defendants' methods of hiring whites, appellants argue that the shortage of permanent jobs available to white provisionals is a consequence of the district court's one-for-one hiring order, and that fairness demands judicial adjustment of defendants' hiring priorities among whites.

We do not express any view of the fairness of the present method of allocating white vacancies. We say only that for us to attempt at this stage and at this time to restructure this part of the provisional remedy governing the current year would be singularly inappropriate. While appellants assert, and appellees agree that this point was raised before the district court, the portion of the record cited by appellants indicates that it was raised only indirectly. The issue has not been submitted to defendants and was not specifically discussed in appellants' brief on appeal. Defendants, who did not participate in this appeal, were accordingly unable to address the proposal. As for hiring formulae and practices for the future, appellants have ample opportunity to present their views both to the district court and, if necessary, to this court appeal.

The orders of the District Court are affirmed. Appellees' request for double cost, and attorney's fees, is denied without prejudice to any future applications for attorney's fees in the district court.